UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Michael Lauer, Board of Trustees Chairman, and and, William Nix, Board of Trustees Secretary, on behalf of the INDIANA STATE COUNCIL OF CARPENTERS FUND, David Tharp, Board of Trustees Chairman, on behalf of INDIANA KENTUCKY REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; David Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA CARPENTERS WELFARE FUND; David Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and INDIANA/KENTUCKY REGIONAL COUNCIL OF CARPENTERS, Plaintiffs, v. WORKING OFFICE TECHNOLOGIES CO., LLC, and JOHN ATZBERGER, Defendants. | 2:11-cv-13 PPS |

## OPINION AND ORDER

Before the Court is the above-named Plaintiffs' Corrected Verified Motion for Default

Judgment Against Defendant Working Office Technologies Co., LLC Only. [DE 11.] For the

following reason, the motion is **GRANTED**.

-1-

**BACKGROUND**

The Plaintiffs are Indiana/Kentucky Regional Council of Carpenters and the trustees of several employee benefit funds. (I refer to the Plaintiffs collectively as the "Trustees"). The Trustees brought this action against Defendant Working Office Technologies Co., LLC under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 185, seeking delinquent monthly reporting forms for the period June 1, 2010 through the present and payment of delinquent contributions, interest, and liquidated damages that are owed for that period pursuant to the parties' collective bargaining agreement. The Council of Carpenters also alleges a state law claim against Defendant John Atzberger, who was either the Operation-Manager or President of Working Office during that period, because he breached his fiduciary duty by failing to pay the contributions pursuant to the parties' collective bargaining agreement.

The Trustees filed this action on January 10, 2011. To date, neither Working Office nor Atzberger have responded to the complaint or otherwise defended against these claims. As a result, the Trustees moved for clerks entry of default [DE 7], and the motion was granted [DE 8]. The Trustees then moved for default judgment against both the defendants, but I denied the motion without prejudice, because the Trustees failed to prove damages. I gave the Trustees twenty-eight days to renew their motion. [DE 10.] Here, the Trustees renew their motion for a default judgment against Working Office only. They support their claim for damages with an affidavit from the Trustees' depository agent, reporting forms, provisions of the parties' collective bargaining agreement, and an affidavit from the Trustees' attorney.

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk already entered a default, I may now enter a default judgment under Rule 55(b)(2), though I must exercise discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are established. This case has been pending since January 2011, but Working Office has not answered, entered an Appearance through counsel, or responded to the Trustees' motions for default judgment. The default is thus not a simple technicality. No material issues of fact have been presented due to Working Office's failure to participate in the lawsuit. Additionally, delay in judgment will prejudice the Trustees. Therefore, the factors weigh in favor of default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the

plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Here, this means that I must accept as true the Trustees' assertion that Working Office failed to make the contributions and payments set forth in the parties' collective bargaining agreement.

Although the well-pleaded allegations of a complaint are taken as true, those relating to the amount of damages must be proved. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Here, the Trustees submit an affidavit from an employee of the their Depository Agent, Irene Newman, who claims to have personal knowledge of the payments withheld by Working Office. She asserts that Working Office owes $19,502.19 in principal contributions and deductions. [DE 11-1.] This number is supported by Working Office's self-reported monthly reporting forms for the months of June and July of 2010. [*Id*.] In addition, the Trustees submit portions of the parties' collective bargaining agreement, which support the Trustees claim to $1,950.22 in interest and $1,950.22 in liquidated damages. [*Id*.] So the Trustees have adequately demonstrated damages in the amount of $23,402.63.

As for the attorney's fees, the attorney's affidavit provides a sufficiently itemized

statement of the time spent on each task for which the Trustees seeks fees, along with the rate charged for each task. [DE 11-2.] I find these claims reasonable. Therefore, the Trustees are entitled to recover $1,256.25 in attorney's fees and $362.00 in costs.

## CONCLUSION

For the foregoing reasons, the Trustees' Motion for Default Judgment is **GRANTED.** [DE 11.] Defendant Working Office is **ORDERED** to pay the Trustees $23,402.63 in delinquent contributions, $1,256.25 in attorney's fees, and $362 in court costs.

One final note. The Trustees have not moved for default judgment against Defendant John Atzenberger. If the Trustees wish to pursue their claim against Atzenberger, they must notify the Court within **seven days** of this order. If the Trustees fail to do so, I will assume that the Trustees are abandoning their claim against Atzenberger, and I will dismiss the case against him without prejudice.

**SO ORDERED**.

ENTERED: September 21, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT