UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Michael Lauer, Board of Trustees Chairman, and William Nix, Board of Trustees Secretary, on behalf of the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, David Tharp, Board of Trustees Chairman, on behalf of INDIANA KENTUCKY REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; David Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA CARPENTERS WELFARE FUND; David Tharp Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; Douglas J. McCarron, Board of Trustees Chairman on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and INDIANA/KENTUCKY REGIONAL COUNCIL OF CARPENTERS. | 2:11-cv-13 PPS |
| Plaintiffs, | |
| vs. | |
| WORKING OFFICE TECHNOLOGIES CO., LLC and JOHN ATZBERGER | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Indiana/Kentucky Regional Council of Carpenter's ("Trustees") Renewed Verified Motion for Default Judgment against defendant Atzberger in his individual capacity. [DE 13.] This is the Trustees' third motion for default judgment. Their first motion was deficient, but I gave them a chance to re-file it. In their second motion, the Trustees asked for and obtained a default judgment against Working Office

Technologies, LLC. But in that second motion, the Trustees failed to seek judgment against defendant Atzberger, who was employed by Working Office. So I gave the Trustees another chance to move for default judgment against Atzberger individually. On September 28, 2011, the Trustees filed the instant motion. [DE 13.] For the following reasons, the motion is denied.

## BACKGROUND

On January 10, 2011, the Trustees filed a complaint against defendants Working Office Technologies and John Atzberger. [DE 1.] Counts I and II alleged claims against Working Office Technologies for ERISA and LMRA violations. Count III is styled as a state law claim against Atzberger individually, alleging that Atzberger breached his fiduciary duties to the Trustees. The Trustees allege that Atzberger was the operation-manager or president of Working Office Technologies, and he deducted monies from the paychecks of its bargaining unit employees but failed to transmit the sums to the contractually designated third party depositories in June and July 2010.

On July 14, 2011, the Trustees filed their first Motion for Default Judgment against both defendants. When I denied that motion on August 4, 2011, I advised the Trustees that when they re-file their motion for default judgment as to Atzberger, they should pay careful attention to his individual liability. On August 31, 2011, the Trustees filed its second Motion for Default Judgment, but only as to Working Office. In my September 21, 2011 opinion, I granted the Trustees' motion for default judgment against Working Office Technologies, and ordered it to pay the Trustees $23,402.63 in delinquent contributions and union dues, $1,256.25 in attorney's fees, and $362 in court costs. [DE 12.] Noting that the plaintiffs did not make mention of Atzberger as an individual defendant in the previous motion for default judgment, I allowed the

2

Trustees additional time to pursue an individual claim against Atzberger.  That is the motion that is presently before me.

## **DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of default judgments.  *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004).  Prior to obtaining a default judgment under Rule 55(b), there must be an entry of default as provided by Rule 55(a).  *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk has already entered a default, this Court may now rule on a default judgment under Rule 55(b)(2).  But the Court exercises discretion in doing so.  *See O'Brien v. R.J. O'Brien Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991).  A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiffs for each cause of action in the complaint.  *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  And all well-pleaded allegations of the complaint will be taken as true.  *Id.* at 605.

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

Between the Complaint and motion for default judgment, the Trustees offer two theories

to hold Atzberger personally liable. First, the Trustees argue that Atzberger is personally liable because he committed the tort of conversion under Indiana law; second, the Trustees claim that Atzberger is personally liable as a fiduciary with respect to the payroll deductions.

I'll address the state law claim first, as it only pertains to the extent that ERISA doesn't preempt it. ERISA's preemption clause is quite broad, and it preempts all claims that relate to an employee benefit plan. *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 778 (7th Cir. 2002). Despite the preemption clause's breadth, where a claim involves union dues, it falls outside of ERISA because union dues are not considered plan assets. *See* 29 C.F.R. § 2510.3-102(a) (plan assets "include amounts (other than union dues) that a participant has withheld from his wages by an employer . . . ."); *Indiana Regional Council of Carpenters Pension Trust Fund v. Able Builders, Inc.*, No. 2:01-CV-542, 2005 WL 2465285, at *3 (N.D. Ind. Oct. 6, 2005) (citing *Lopresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1999)).

Here, ERISA preempts part of Count III. The Trustee's Motion for Default Judgment provides a breakdown of each of the deductions that were not remitted in June and July 2010. [DE 13, at 4-5; DE 13-1, at 7-8.] There are three depositories that didn't receive their deductions: (1) the Committee on Political Education ("COPE"); (2) the market recovery fund; and (3) ASSMT. According to the Trustees, ASSMT is the union dues check-off assessment. [DE 13, at 4-5; DE 13-1, at 7-8.] Because plan assets do not include union dues, ERISA does not preempt as to the ASSMT deductions (the union dues), and as such and Indiana law applies on this narrow category of deductions.

In support of the state law claim, the Trustees cite a Second Circuit case from New York, *Lopresti v. Terwilliger*, 126 F.3d 34, 41-43 (2d Cir. 1997), to argue that I should find Atzberger

4

individually liable under the common law theory of conversion. In *Lopresti*, the court permitted recovery against the president of a company under a conversion theory for union dues deductions that were not remitted. *Id*. The court based its holding on facts showing that the president used the withheld union dues to pay other creditors of the company. *Id.* at 42. The Trustees contend that a similar recovery would be appropriate here because Indiana and New York conversion law is similar in the sense that neither have a *mens rea* requirement.

I disagree. To prove conversion in Indiana, the Trustees had to show that Atzberger "knowingly or intentionally exerted unauthorized control over the employees' property." *Coleman v. Vukovich*, 825 N.E.2d 397, 407 (Ind. Ct. App. 2005). Unlike the plaintiffs in *Lopresti*, the Trustees haven't alleged or proven any facts showing that Atzberger knowingly and intentionally asserted control over the union dues money. Instead, they simply state that he did not remit the deductions to the depository. [DE 1, at 7.] All this shows is that the union dues were not remitted; it doesn't show that Atzberger actually controlled the money. There is thus insufficient evidence to prove that Atzberger converted the union dues under Indiana law. The state law claim therefore fails.

The same is true as to the remaining deductions. Unlike the union dues, the remaining deductions constitute plan assets – one deduction was to benefit the Committee on Political Education ("COPE") and the second was to apply to a market recovery fund. [DE 13, at 4-5; DE 13-1, at 7-8.] Thus, ERISA preempts the state law claim, and Atzberger can only be held personally liable if he was a fiduciary with respect to those plan assets.

Under ERISA, a person is a fiduciary if he "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control

5

respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(I). ERISA provides that any plan fiduciary is personally liable for losses to the plan. 29 U.S.C. § 1109(a). The Seventh Circuit has provided guidance on the fiduciary status of corporate officers in the context of *employer* contributions to ERISA funds, *see Sullivan v. Cox*, 78 F.3d 322, 325 (7th Cir. 1996), but it has yet to speak on fiduciary status of officers when the employer fails to remit *employee* deductions. But a recent Second Circuit decision, *Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir. 2009), speaks directly to this issue. In *Finkel*, the plaintiff sued the employer company and Romanowicz, a principal of the company, individually. The district court granted default judgment as to the company, but not as to Romanowicz. *Id.* at 81.

The Second Circuit affirmed, holding that Romanowicz was not an ERISA fiduciary. The court agreed with the district court that the claim failed because it didn't allege that Romanowicz "had the authority to determine which company bills to pay and when" or that "he exercise[d] that authority by using the money from the unpaid contributions for company payments." *Id*. at 85-86. The Second Circuit reasoned that even though ERISA's definition of fiduciary is to be broadly construed, "management or disposition" of plan assets involves exerting some control over those assets. *Id.* at 86 (quoting *LoPresti*, 126 F.3d at 40.) Applying that principle, the Second Circuit concluded that Romanowicz was "simply an officer," and that although he signed checks for the company and maintained plan assets, the plaintiff didn't show that he exercised control over the management of the assets. *Id.*

Here, the Trustees allege facts corresponding with those in *Finkel*. Similar to the plaintiff in *Finkel*, the Trustees allege that Atzberger is personally liable as a fiduciary with respect to the deductions. [DE 1, at 8.] But the Trustees failed to allege that Atzberger exerted control over the

6

employees' deductions; they merely allege that he didn't make the deposit. Had the Trustees alleged facts related to actions Atzberger took with the deductions – such as making other company payments with the funds or using the money for his personal use – the outcome would likely change because Atzberger would have exerted control over the plan assets. But that's not the case. Without allegations that Atzberger exercised control over the deductions, I can't hold him personally liable as an ERISA fiduciary.

For the foregoing reasons, the Trustees' Renewed Verified Motion for Default Judgment is **DENIED**.

**SO ORDERED**.

ENTERED: January 23, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
